IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA       :

                                  :

    v.                        :  Criminal Case No. DKC 18-223
                                    Civil Action No. DKC 20-3771

                                  :

YUSEF PAYNE                     :

                                  :

**MEMORANDUM OPINION**

Yusef Payne pled guilty on May 20, 2019, pursuant to a plea agreement under Fed.Crim.R. 11(c)(1)(C), to possession of a stolen firearm, in violation of 18 U.S.C. § 922(j).  He was sentenced on July 8, 2019, to 108 months in prison.  He did not appeal.  He filed a motion to vacate under 28 U.S.C. § 2255, pro se, on December 28, 2020 (ECF No. 50) asserting error under *Rehaif v. United States*, 139 S.Ct. 2191 (2019).[1]  He asserts that he received ineffective assistance of counsel and that the government failed to meet its burden to prove his knowledge with respect to each material element of the offense for which he was convicted.  The government responded on April 29, 2021, contending that the motion is untimely and that the claims lack merit (ECF No. 59).  Mr. Payne filed a reply on May 13, 2021 (ECF No. 60).

---

[1] The motion is dated December 14, 2020.  The postmark on the accompanying envelope is illegible.

Under the provisions of 28 U.S.C. § 2255, the limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Mr. Payne appears to concede that his motion is untimely and asserts entitlement "in light of the recent ruling in *Rehaif*." (ECF No. 50). In *Rehaif*, the Supreme Court held that a conviction for violation of 18 U.S.C. § 922(g) requires the government to prove that a defendant had knowledge of his felon status (or other charged prohibited status) at the time he possessed the firearm. The Supreme Court decided *Rehaif* on June 21, 2019, more than two weeks **prior** to Mr. Payne's sentencing proceeding. The time for

Mr. Payne to file a motion expired one year after his judgment became final, which was 14 days after entry of judgment. The judgment was entered July 8, 2019, it became final on July 22 when no appeal was filed, and the one year limitation period expired on July 22, 2020. Thus, the motion, filed in December 2020, is untimely. The *Rehaif* decision did not extend the time for Mr. Payne to file because it was decided before Mr. Payne's conviction became final. In his reply, Mr. Payne asserts that the coronavirus pandemic should also serve to excuse the untimeliness of his motion. He says the Federal Bureau of Prisons was locked down for "the majority of 2020" with no access to legal materials.

The assertions for equitable tolling are insufficient. In order to show entitlement, a petitioner must demonstrate that he has been pursuing his rights diligently and that some extraordinary circumstance prevented timely filing. As noted above, the issue Mr. Payne seeks to raise is based on a Supreme Court decision issued before his sentencing, albeit after his guilty plea, in July 2019, well before the onset of the pandemic. He did not assert COVID as a basis for delay in his petition, but only raises the issue in his reply. As in *United States v. Sumter*, No. 3:02-CR-00499-CMC, 2021 WL 3173176, at *7 (D.S.C. July 27, 2021), his showing is insufficient. He has not described any steps he took

to pursue filing a *Rehaif* claim in the many months before any lockdown occurred, nor described any specific conditions where he was housed that prevented him from filing timely, or indeed any steps he took to prepare the motion.

Moreover, even if the motion had been filed timely, it would not succeed.   Mr. Payne's motion challenges his purported conviction for "felon in possession of firearm under 18 U.S.C. § 922(g)."  Mr. Payne was not, however, convicted of a violation of 18 U.S.C. § 922(g) but rather, he was convicted of possession of a stolen firearm in violation of 18 U.S.C. § 922(j).

The original Indictment charged Mr. Payne with possession of a firearm and ammunition by a felon in violation of 18 U.S.C. § 922(g)(1).  (ECF No. 1).  The Superseding Indictment charged Mr. Payne with two counts of possession of a firearm and ammunition by a felon in violation of 18 U.S.C. § 922(g)(1).  (ECF No. 17). Under the plea agreement negotiated between the parties, Mr. Payne pled guilty to an Information charging him with possession of a stolen firearm, in violation of 18 U.S.C. § 922(j).  The government dismissed the Indictment and Superseding Indictment at sentencing.

During the colloquy with Mr. Payne at the Arraignment and Rule 11 proceeding, the court advised him that the government would have to prove that 1) he knowingly and intentionally possessed a

firearm, 2) that the firearm was stolen and that he knew or had

reasonable cause to believe that the firearm was stolen, and 3)

that the firearm affected interstate commerce because it was

manufactured outside the State of Maryland.  (ECF No. 59-1, pp. 11

and 12).  The government then read the statement of facts into the

record which included facts necessary to support the conviction.

Mr. Payne agreed that all those facts were true and that he was in

fact guilty of the offense.  (ECF No. 59-1, p. 14).

     Mr. Payne did not appeal.  If a claim was not raised on direct

appeal, it may not be raised on collateral review unless the movant

can demonstrate cause and prejudice, or actual innocence.   To

demonstrate cause and prejudice, a petitioner must show the errors

"worked to [his or her] actual and substantial disadvantage,

infecting [his or her] entire trial with error of constitutional

dimensions."  *United States v. Frady,* 456 U.S. 152, 170 (1982).

Actual innocence means factual innocence, and not merely legal

insufficiency.   *Bousley v. United States*, 523 U.S. 614, 623-34

(1998).

     Under the circumstances here, as will be explained, Mr. Payne

cannot overcome that hurdle.  First, there was no requirement to

prove that Mr. Payne was a "prohibited person" by virtue of a prior

conviction.[2]  That was not an element of the offense.   Second, he
was advised that knowledge of the stolen nature of the firearm was
an element and he admitted as much.   Third, there is no requirement
that the Government prove knowledge of the interstate nexus, which
is necessary to show federal jurisdiction.   In *Rehaif* itself, the
Court noted that the presumption in favor of scienter does not
apply to jurisdictional elements. 139 S.Ct. at 2196.   *See also,*
*Byrd v. United States*, No. 5:12-CR-312_1BR. No. 5:18-CV-84-BR,
2022 WL 79864, at *9 (E.D.N.C. January 7, 2022)(*Rehaif* did not
change the holding of *United States v. Langley*, 62 F.3d 602, 605–
6 (4th Cir. 1995)(en banc), that proof of knowledge of interstate
nexus not required.)   Thus, Mr. Payne was advised of the *mens rea*,
or knowledge, element and he persisted in his guilty plea.

Finally, to establish ineffective assistance of counsel, Mr.
Payne must show that his attorney's performance fell below an
objective standard of reasonableness and that he suffered actual
prejudice.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  A
determination  need   not   be   made   concerning   the   attorney's

---

[2] It would not have been difficult to prove that he had a
qualifying conviction and knew of that status.  He was in Criminal
History VI, with 15 points based on prior convictions, including
robbery, attempted robbery, and attempted second degree murder.
He served well more than a year in state prison.

performance if it is clear that no prejudice could have resulted

from it.  *Strickland*, 466 U.S. at 697.

In the context of a § 2255 petition challenging a conviction

following a guilty plea, a defendant establishes prejudice by

demonstrating "a reasonable probability that, but for counsel's

errors, he would not have pleaded guilty and would have insisted

on going to trial."  *Hill v. Lockhart*, 474 U.S. 52, 59 (1985);

*accord United States v. Mooney*, 497 F.3d 397, 401 (4th Cir. 2007).

Moreover, Petitioner "must convince the court" that such a decision

"would have been rational under the circumstances."  *Padilla v.*

*Kentucky*, 559 U.S. 356, 372 (2010).  "The challenger's subjective

preferences, therefore, are not dispositive; what matters is

whether proceeding to trial would have been objectively reasonable

in light of all of the facts."  *United States v. Fugit*, 703 F.3d

248, 260 (4th Cir. 2012).

A petitioner who pleads guilty has an especially high burden

to establish an ineffective assistance claim.  As the Supreme Court

of the United States explained, "[t]he plea process brings to the

criminal justice system a stability and a certainty that must not

be undermined by the prospect of collateral challenges in

cases . . . where witnesses and evidence were not presented in the

first place."  *Premo v. Moore*, 562 U.S. 115, 132 (2011).  Thus, a

petitioner alleging ineffective assistance in the context of a guilty plea must meet a "substantial burden . . . to avoid the plea[.]" *Id.* Moreover, he cannot be heard to contradict now his own sworn statements made during the plea colloquy, *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) ("[I]n the absence of extraordinary circumstances . . . allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false.") (internal quotation marks omitted)).

His assertions in the motion are belied by the colloquy at his plea hearing, where he said he was satisfied with his attorney's help.  He specifically said that he had met many times with his attorney, who had the time necessary to talk with him and had answered all of his questions.  (ECF No. 59-1, at p. 22.)  He had not been threatened and the only promises were those in the written plea agreement.

The record reflects a long process of negotiations between Mr. Payne and the government, including obtaining a pre-plea criminal history report.  As demonstrated by the plea agreement itself, Mr. Payne was facing a violation of probation proceeding in state court, in addition to a potentially more severe sentence

had he been determined to be an armed career criminal on the initial felon in possession charges.  Mr. Payne can show neither deficient performance nor prejudice.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is also required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order.  *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the claim debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003).  Where a motion is denied on a procedural ground, a certificate of appealability will not issue unless the petitioner can "demonstrate both (1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was

correct in its procedural ruling." *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (internal marks omitted).   Upon review of the record, the court finds that Mr. Payne does not satisfy the above standard.   Accordingly, the court will decline to issue a certificate of appealability on the issues which have been resolved against Petitioner.   A separate order will follow.


May 18, 2022                                         /s/
                                    DEBORAH K. CHASANOW
                                    United States District Judge

10